IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

HUBERTINE GROSDIDIER,

    Plaintiff,

vs.

LEISURE HOTELS, LLC,

    Defendant.

Case # 05-CV-2090-KHV/GLR

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

NOW ON THIS 20th day of July, 2005, the parties to this action hereby consent to this Stipulated Protective Order and Confidentiality Agreement with respect to certain documents which the parties anticipate will be produced during the course of this litigation. To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed.R.Civ.P. 26(c) and with the consent of the parties, ORDERED as follows:

1. SCOPE: This Stipulated Protective Order and Confidentiality Agreement shall apply to all parties to this action and any information formally or informally exchanged by the parties or requested by the parties through discovery in this action.

2. CONFIDENTIAL INFORMATION: During the course of this litigation, any party may designate as "Confidential" personnel records and files, trade secret and proprietary information, personal financial information, and any documents or information which the party believes in good faith constitute, contain or reflect confidential or proprietary information or trade secrets of a party or third party. All such documents shall be stamped "Confidential." In the case of Confidential documents which are stapled, clipped, or

otherwise bound, it shall be sufficient to stamp the first page only.

3. PROTECTION OF CONFIDENTIAL INFORMATION: Except with the prior written consent of the party or other person or entity originally designating a document as Confidential, or as hereinafter provided under this Order, no stamped confidential document or information may be disclosed to any person. For purposes of this order, the term "document" means all written, digitized, recorded, or graphic material, (including electronically created or stored information) whether produced or created by a party or another person, whether produced pursuant to Fed.R.Civ.P. 34, subpoena, by agreement, or otherwise.

4. USE OF CONFIDENTIAL INFORMATION: Confidential documents and information shall not be disclosed or communicated in any fashion nor be used for any purpose other than analysis, testimony and preparation for trial of this action as provided for in this Stipulated Protective Order and Confidentiality Agreement unless otherwise required by law.

5. RESTRICTIONS ON ACCESS TO CONFIDENTIAL INFORMATION: Access to Confidential information, and to any copies, portions, summaries, analyses or excerpts of any documents containing information that has been designated Confidential shall be limited to:

   a. Counsel of record for any party, and employees and staff personnel of such attorneys to whom it is necessary that Confidential information be shown for purposes of this litigation;

   b. The parties, their representatives, employees and agents subject to the provisions of Paragraph 6 below;

   c. Outside witnesses, consultants, and/or experts, subject to the provisions of Paragraph 6 below;

   d. The court and court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation; and

   e. Any other person to whom Defendant and the Plaintiff agree in writing.

6. <u>ACCESS BY OUTSIDE WITNESSES, CONSULTANTS, AND/OR EXPERTS TO CONFIDENTIAL INFORMATION</u>:  The parties' counsel may, to the extent necessary to the prosecution or defense of this action, in good faith, make documents or information which has been designated Confidential information, and any copies, portions, summaries, analysis or excerpts of any documents containing information that has been designated Confidential available to outside or non-party witnesses, consultants, or expert witnesses, provided, however, that, prior to delivering any such confidential information counsel shall have such witness, consultant or expert agree in writing to be bound by this Protective Order.

7. <u>DEPOSITIONS:</u>  Persons may be deposed regarding documents or information of which they have knowledge which has been designated Confidential.  All transcripts of these depositions and any other deposition containing confidential information will be treated in accordance with this Stipulated Protective Order and Confidentiality Agreement and, when filed, shall be marked pursuant to the procedures set fourth in paragraph 9 below.  Aside from the witness, no person shall attend any portion of any deposition containing testimony regarding Confidential information or documents except counsel for the parties unless such person has executed the written statement described in Paragraph 6.

8. <u>DISPUTES CONCERNING DESIGNATION OR DISCLOSURE OF DOCUMENTS:</u>  Any dispute concerning the designation of documents as Confidential or concerning the disclosure of Confidential information to the person(s) designated by the parties which cannot be resolved between the parties may be submitted to the Court.  No disclosure of any document or information in dispute shall be made pending resolution of the dispute. In the event that the Court is requested to rule on a claim of confidentiality, the particular documents or information that has been challenged shall be submitted to the Court for in

camera inspection or for ruling as otherwise directed by the Court. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

9. <u>FILING WITH THE COURT</u>: Before filing any Confidential document with this Court or any appellate court and before including any reproduction or paraphrase of any Confidential information in any pleading or memorandum, the party seeking to file such information with the Court shall provide 10 days prior written notice of such intention to the party who designated the material as Confidential. If the parties cannot agree upon the necessity or scope of protection to be afforded the Confidential information intended to be filed with the Court, or if either party wishes to maintain the confidentiality of the information by filing the information under seal, the party seeking protection shall file a motion with the Court. The movant shall have the burden of establishing good cause for such protection.

If, at the time of trial or any other evidentiary hearing, any party seeks to introduce into evidence any documents or portion thereof or portion(s) of deposition testimony that has been designated Confidential, the party seeking to introduce such information shall notify the Court and the other party so that the Court may take such steps as it deems appropriate to preserve the confidentiality of the information.

10. <u>NO IMPLIED ACKNOWLEDGMENT OF CONFIDENTIALITY</u>: The receipt of documents, information or other materials designated as Confidential pursuant to this Stipulated Protective Order and Confidentiality Agreement shall not constitute an acknowledgment that the same are in fact Confidential or otherwise protected, and the parties may challenge the propriety of any such designation pursuant to the provisions of Paragraph 8 hereof. Until and unless the parties may agree or the Court may finally determine that such documents,

information or material are not properly designated as Confidential pursuant hereto, the same shall continue to be treated as so designated in accordance with the terms of this Stipulated Protective Order and Confidentiality Agreement.

11. <u>NO WAIVER:</u>  The production of documents for inspection shall not constitute a waiver of a party's rights to claim in this lawsuit or otherwise that the documents are Confidential.  The inadvertent, unintentional, or *in camera* disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.  Nothing contained in this protective order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

12. <u>DISPOSITION OF CONFIDENTIAL DOCUMENTS AND INFORMATION UPON FINAL DETERMINATION:</u> Upon the final determination of this action, whether by judgment which is no longer appealable, determination after appeal, settlement, or otherwise, all documents, information and material designated as Confidential, and all copies, testimony, summaries, notes, extracts, or abstracts of such documents or of such information, except for any such items which have been filed with the Court, shall promptly be returned to the producing party's counsel, or disposed of pursuant to order of the Court or the parties' agreement, except that any party shall be entitled to retain all memoranda or other documents prepared by counsel embodying information derived from any such materials; provided, however, that no party may disclose any information as to which a claim of confidentiality has been made and must take reasonable steps to ensure that access to such memoranda or other documents is limited in accordance with this Stipulated Protective Order and Confidentiality Agreement.  The final determination of this action shall not terminate the limitations on use and disclosure contained in this Stipulated Protective Order and Confidentiality Agreement.

13. <u>AMENDMENT AND MODIFICATION:</u>  This Stipulated Protective Order and Confidentiality

Agreement may be amended by written agreement of counsel for the parties, to the extent the amendment relaxes the requirement of confidentiality. The procedures established by the Stipulated Protective Order and Confidentiality Agreement are intended to be cumulative and in addition to any party's right to seek further or different protection from the Court regarding issues addressed herein. The Stipulated Protective Order and Confidentiality Agreement are without prejudice to the right of any party to apply to the Court at any time for modification or exception to the Stipulated Protective Order and Confidentiality Agreement.

          s/ Gerald L. Rushfelt
          Gerald L. Rushfelt
          UNITED STATES MAGISTRATE JUDGE

APPROVED:

By: /s/ Frank B.W. McCollum
Frank B.W. McCollum, Esq.  KS #13577
McCOLLUM & PARKS, LLC
Two Emanuel Cleaver II Blvd., Suite 425
Kansas City, MO 64112
VOICE:  (816) 756-1114 (Telephone)
FAX:  (816) 756-0883 (Facsimile)
Email:  bmccollum@mccollumandparks.com
Attorneys for Plaintiff


By: /s/ S. Eric Steinle
John B. Swearer, # 11743
S. Eric Steinle, #15106
MARTINDELL SWEARER & SHAFFER, LLP
20 Compound Drive - Post Office Box 1907
Hutchinson, Kansas 67504-1907
VOICE (620) 662-3331
FAX (620) 662-9978
E: ses@martindell-law.com
Attorneys for Defendant